IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Darryl Seats, Jr.,                            Case No. 3:18 CV 1052

              Plaintiff,          ORDER DISMISSING COMPLAINT

-vs-                                JUDGE JACK ZOUHARY

Gary Mohr, et al.,

              Defendants.

**BACKGROUND**

Plaintiff *pro se* Darryl Seats, an Ohio prisoner currently incarcerated in the Southern Ohio Correctional Facility, brings this Section 1983 action against these Defendants: Gary Mohr, Director of the Ohio Department of Rehabilitation and Correction; John Coleman, Warden of the Toledo Correctional Institution (TCI); Kimberly Henderson, Assistant Warden of TCI; and Patricia Abbott, Unit Manager at TCI (Doc. 1). Seats claims Defendants subjected him to cruel and unusual punishment and due process violations from January 2015 to February 2017, while he was incarcerated at TCI (*id.* at 3).

The Complaint (Doc. 1) and Supplemental Complaint (Doc. 8-1) are virtually incomprehensible. His pleadings refer to over forty individual officials and staff at TCI -- including Defendants Coleman, Henderson, and Abbott -- alleging all were involved in perpetrating "the biggest scheme in history" against him during his incarceration there (*see* Doc. 1-1 at 1; Doc. 8 at 1). The "main objective" of this scheme was to "turn [him] gay" (Doc. 1-1 at 1).

His pleadings set forth a rambling, stream-of-consciousness amalgam of disconnected accusations and allegations against TCI staff. From what this Court is able to discern, he contends TCI tampered with his food and mail and harassed and mistreated him in numerous other ways as part of a scheme. He further claims he was subjected to excessive cell searches and housed in segregation on false claims "as much as possible" for purposes of "job training" (*id.*).

Many of the allegations concern sexual conduct and "enticements," which he contends TCI officials and staff directed toward him. He claims that multiple "officers tried to sexually entice [him] and act like they were giving [his] incoming mail away" (*id.* at 4). The officers allegedly would walk past his cell with mail, saying he cannot get his mail until he "sign[s] into [Protective Custody] or shake[s] [his] thing" (*id.*). Seats alleges that multiple nurses tried "to sexually entice" him while he was housed in medical after he went on a hunger strike (*id.* at 5). Further, he contends nurses "acted like they put pills in [his] coffee" and "made threats to inject [him] with HIV" (*id.* at 5–6).

The allegations regarding Coleman and Henderson, peppered throughout his pleadings, are incomprehensible and impossible to parse. For instance, in one paragraph in his original Complaint (*id.* at 8), he alleges:

> Warden John Coleman and Deputy Warden Henderson told me they would place me in P.C. before they transfer me. Then when I requested P.C.[,] Ms. Abbott, Case Manager Ms. Nolan and C.O. Costello bragged about the investigation being fake. Warden John Coleman bragged about covering his tracks with the paperwork. My brother Frankie Robinson #800-861 is gay. Rumor was I was trying to get to P.C. to be with a gay dude. Then Ms. Henderson keep telling staff Coleman said we could be in a relationship when he get to P.C. Warden Coleman would threaten to get me life flighted to get me raped. Everytime he came around me Mr. Deputy Warden Henderson would say I couldn't file this because she let inmate Donnie Nesbitt use a rape thing with me.

Seats alleges Coleman and Henderson, like the numerous other TCI staff members and nurses he refers to in his pleadings, tried to entice him sexually. Among other things, he contends Coleman and Henderson engaged in overtly sexually provocative conduct toward him (*see id.* at 6) and

2

"provoked [him] not to eat using [his] mail as leverage to keep [him] hunger striking" (Doc. 1-2 at 1).

The allegations against Abbott are likewise unclear and disconnected. As best this Court can discern, Seats contends Abbott disclosed information about Seats' sister to gang members (*see* Doc. 1 at 4, Doc. 1-1 at 10), and allegedly "promised the gang members [he] wouldn't get P.C. unless [he] got life flighted" (Doc. 1-1 at 8).

Seats does not allege any discernible misconduct by Mohr. His allegations merely suggest that TCI staff tried to impersonate Mohr as part of the scheme against him (*id.* at 7, 9).

Seats seeks unclear injunctive relief -- ostensibly to prevent future harassment against him by TCI staff -- as well as damages (*see* Doc. 1-2 at 2; Doc. 8-1 at 16). He has filed three applications to proceed *in forma pauperis* (Docs. 2, 4, 6), and a Motion for Appointment of Counsel (Doc. 4). The Motion to Proceed *In Forma Pauperis* is granted.

## LEGAL STANDARD

Sections 1915(e)(2)(B) and 1915A require federal district courts to screen all *in forma pauperis* actions and all actions in which prisoners seek redress from government officers and employees. This Court must dismiss before service any such action that is frivolous or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill*, 630 F.3d at 471. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must also contain sufficient allegations to "give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Where the complaint alleges facts that "rise to the level of the irrational or the wholly incredible," the complaint should be dismissed as frivolous. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is properly dismissed as frivolous where it "describ[es] fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Although courts construe *pro se* complaints liberally, this leniency has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required "to conjure allegations" on their behalf. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

## DISCUSSION

The rambling claims here appear to contend that over forty members of TCI prison staff used sexual enticements and other adverse conduct against him as part of a "scheme" to turn him gay, deprive him of his mail, tamper with his food, encourage him to go on a hunger strike, and subject him to overtly sexual conduct. These claims must be dismissed because they are frivolous. *See Huey v. Raymond*, 53 F. App'x 329 (6th Cir. 2002) (finding an inmate's claim that his food was poisoned by numerous prison employees, resulting in various ailments, was properly dismissed as irrational, wholly beyond belief, and the product of delusion); *Cooper v. Belcher*, WL 3359709, at *1 (D. Colo. 2010) (dismissing as frivolous prisoner's civil rights claims based on his allegations that "nearly every corrections official he encountered directly or indirectly participated in violating his rights by way of sexual assault or molestation, harassing cell searches, destruction of legal documents, filing of false disciplinary reports, and deliberate and unwarranted discipline for alleged prison rule infractions").

4

These allegations are also insufficient to support a plausible damage claim against any Defendant under Section 1983. "[D]amage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (citation omitted).

The Complaint permits no plausible inference that Mohr had any personal involvement in the wrongful conduct he alleges. Supervisory officials cannot be liable under Section 1983 solely on the basis of *respondeat superior*. *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999). Further, a supervisor's denial of an administrative grievance or failure to remedy a subordinate's unconstitutional conduct is not actionable under Section 1983. *Id.*

The allegations against the remaining Defendants are so unclear, fragmented, and fantastic that they fail to meet basic pleadings requirements or support a plausible inference that any of these Defendants are liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. For instance, his allegation that Abbott disclosed information about his sister or a P.C. investigation to gang members is insufficient to support an Eighth Amendment claim. *See, e.g.*, *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (holding that an inmate's fear of assault by gang members, without allegations of actual physical injury connected to a prison official's conduct, fail to support an Eighth Amendment damages claim).

Moreover, a two-year statute of limitations applies to Section 1983 claims. *See Browning v. Pendleton*, 869 F.2d 989, 990 (6th Cir. 1989) (holding that the statute of limitations of Ohio Revised Code § 2305.10 applies to Section 1983 actions arising in Ohio). Virtually all of the alleged wrongful conduct is time barred, occurring more than two years before May 2018 when this Complaint was

filed. *See* Docs. 1-1, 8-1 (purporting to allege wrongful conduct by TCI staff from August 2014 to March 2016).

Finally, the request for injunctive relief is moot because Seats is no longer incarcerated at TCI. *See Henderson v. Martin*, 73 F. App'x 115, 117 (6th Cir. 2003) ("A prisoner's claim for declaratory and injunctive relief against certain prison officials became moot once the prisoner was transferred from the prison of which he complained to a different facility.").

**CONCLUSION**

This action is dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Motion for Appointment of Counsel (Doc. 4) is denied as moot. This Court certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

      *s/ Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 31, 2018